

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2006

# Tanudidjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3996

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tanudidjaja v. Atty Gen USA" (2006). *2006 Decisions.* Paper 168.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/168

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3996

KORI TANUASIH TANUDIDJAJA;
BAMBANG HERY,
                                Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A79-326-394 and A79-326-395
(U.S. Immigration Judge: Honorable Donald V. Ferlise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2006

Before:  SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed:   November 21, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Kori Tanuasih Tanudidjaja petitions for review of the Board of Immigration Appeals' August 2, 2005, order affirming an Immigration Judge's denial of her application for asylum. We will deny the petition.

I.

Tanudidjaja, a native and citizen of Indonesia who identifies herself as an "ethnic Chinese," entered the United States in November 2000 on a temporary visa that expired in May 2001. In July 2001, she applied for asylum, claiming she had suffered past persecution in Indonesia on account of her ethnicity and religious beliefs.[1] Her first affidavit was appended to that application. In August 2001, she was served by the INS with a notice to appear charging she had overstayed the term of her visa and was removable from the United States. Tanudidjaja conceded her removability, and submitted a second affidavit in support of her application for asylum, withholding of removal, and withholding under the Convention Against Torture. After a hearing at which Tanudidjaja testified, the IJ denied her application in a February 24, 2004, oral decision, finding she lacked credibility and, alternatively, had failed to make a sufficient case of persecution to receive asylum. The IJ ordered Tanudidjaja removed to Indonesia.

Among other evidence, the IJ considered Tanudidjaja's two affidavits, her testimony, and a State Department report on Indonesia. Tanudidjaja contended she had been discriminated against in her studies and her employment, had been robbed on at least

---

[1] Tanudidjaja's husband, Bambang Hery, did not file his own application for asylum, and was consequently only considered a derivative party on her application for asylum.

three occasions, and had been the victim of attempted arson—all on account of her ethnicity. She also contended she and her husband had been the targets of violence on account of their ethnicity and religion. In his oral decision, the IJ noted several inconsistencies among the first and second affidavits and Tanudidjaja's testimony, particularly her varying accounts of riots in 1998 and an occasion on which she contends individuals attempted to set fire to her house. He also noted her failure ever to mention in her first affidavit that she had held a prayer meeting at her house outside of which demonstrators had protested. Additionally, the IJ found unconvincing Tanudidjaja's explanations for why she had never reported to the Indonesian police any of the incidents she described. He concluded Tanudidjaja's application lacked credibility. The IJ further concluded Tanudidjaja had not presented sufficient evidence to show she had ever been persecuted in the past on account of her ethnicity or religion, or to establish a well-founded fear of persecution.

Tanudidjaja appealed the IJ's decision to the BIA. The BIA affirmed without opinion under 8 C.F.R. § 1003.1(e) on August 2, 2005, rendering the IJ's decision the final BIA determination. Tanudidjaja filed this petition for review, along with a motion for stay of removal pending its resolution, on August 25, 2005.[2]

The BIA had jurisdiction to review the IJ's order under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review the BIA's final order under 8 U.S.C. § 1252.

_____

[2] We denied the motion for stay of removal in a November 17, 2005, order.

3

Where the BIA affirms the IJ's decision without opinion under 8 C.F.R. § 1003.1(e), we review the IJ's decision. *Partyka v. Attorney General*, 417 F.3d 408, 411 (3d Cir. 2005). We review legal determinations de novo, subject to established principles of deference. *Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004). Under 8 U.S.C. § 1252(b)(4)(B), "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Factual findings must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). This substantial evidence standard applies to determinations whether an alien has experienced or has a well-founded fear of persecution, *see Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001), as well as adverse credibility determinations, *see Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

## II.

Tanudidjaja contends the IJ's "pure suspicion" of contradictions between her testimony and affidavits was not an adequate basis for denying her asylum application. An applicant has the burden of establishing eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. The applicant may satisfy the burden through his or her own credible testimony. *Mulanga v. Ashcroft*, 349 F.3d 123, 133 (3d Cir. 2003) (citing 8 C.F.R. §§ 208.13, 208.16). "In making an adverse credibility determination, the IJ must provide 'specific, cogent reason[s]' why the applicant is not credible." *Gabuniya v. Attorney General*, 463 F.3d 316, 321 (3d Cir. 2006) (alteration in

4

original).  If contradictory testimony is the basis of the adverse credibility determination, minor inconsistencies are insufficient; rather, "[t]he discrepancies must involve the 'heart of the asylum claim.'"  *Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir. 2004).  Here, the IJ specifically enumerated the reasons for his adverse credibility determination: inconsistencies and a lack of sufficient explanation why Tanudidjaja failed to report any incidents to the Indonesian police.  The inconsistencies noted by the IJ between Tanudidjaja's two affidavits and her testimony involved the specific incidents that formed the bases of her contention she had been persecuted on account of her ethnicity and religion, the heart of her asylum claim.  For instance, the IJ noted Tanudidjaja had failed to mention any prayer meeting in her first affidavit.  We conclude the IJ's adverse credibility determination was supported by substantial evidence.

Tanudidjaja also contends the IJ erred in refusing to grant her asylum, because she had shown she had suffered past persecution and had a well-founded fear of persecution if she should return to Indonesia.  An applicant seeking asylum on the basis of past persecution must show: (1) one or more incidents that rise to the level of persecution; (2) that occurred because of his or her membership in a statutorily-protected class; and (3) that were committed by the government or by forces the government was either unable or unwilling to control.  *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003).  The IJ found, even assuming *arguendo* that Tanudidjaja had been credible, that she and her husband had been "victims of street crimes, hooliganism and . . . riots that were widespread through Indonesia," but that "[n]one of the crimes that were committed

5

against [Tanudidjaja] had its genesis in [her] race, religion, nationality, [or] membership in a particular social group or political opinion." In order to establish a well-founded fear of persecution, an applicant for asylum must "show that he has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." *Abdille*, 242 F.3d at 496. The IJ found there was no evidence the Indonesian government persecutes Chinese or Catholics, and that Tanudidjaja had failed to establish a well-founded fear of persecution. We conclude the IJ's finding Tanudidjaja failed to establish eligibility for asylum on the basis of past persecution or a well-founded fear of persecution was supported by substantial evidence.[3]

III.

We will deny the petition for review.

---

[3] The IJ also found Tanudidjaja had failed to establish eligibility for restriction on removal, which requires the applicant to show it is more likely than not that he or she would be subject to persecution if removed. Because we conclude the IJ's determination Tanudidjaja failed to establish eligibility for asylum was supported by substantial evidence, it follows the IJ's determination under the more rigorous standard was also supported by substantial evidence. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469–70 (3d Cir. 2003) ("[I]f an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution required for withholding of deportation.").